**GARVAN, Alien Property Custodian, v. $25,000 CANADA SOUTHERN RY. CO. 5% BONDS et al.**

(Circuit Court of Appeals, Second Circuit. November 10, 1920.)

No. 10.

1. **War ⬱12—Regulations of War Trade Board do not apply to property which has been reported.**
   The regulations of the War Trade Board dated July 14, 1919, as amended July 20, 1919, do not cover property which before July 14, 1919, had been reported to the Alien Property Custodian, or which he had required to be delivered to him.

2. **War ⬱12—Procedure on libel by Alien Property Custodian; "action at law."**
   In view of Rev. St. § 914 (Comp. St. § 1537), while a proceeding by libel by the Alien Property Custodian to recover possession of property under Trading with the Enemy Act, §§ 9, 17 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115½e, 3115½i), is an action at law, for the determination of questions of law on the pleadings, libelant is as much entitled to avail of admissions in the answer as he would be in admiralty.
   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Action—Action at Law.]

Appeal from the District Court of the United States for the Southern District of New York.

Libel by Francis P. Garvan, Alien Property Custodian, against $25,000, par value, Canada Southern Railway Company 5% Bonds; Albert H. Wiggin and others, claimants. From the judgment, claimants appeal. Affirmed.

Rushmore, Bisbee & Stern, of New York City (Henry Root Stern and James F. Sandefur, both of New York City, of counsel), for appellants.

Francis G. Caffey, U. S. Atty., of New York City (Hartwell Cabell and Lucien H. Boggs, Sp. Asst. Attys. Gen., of counsel), for appellee.

Before WARD, HOUGH, and MANTON, Circuit Judges.

WARD, Circuit Judge. July 9, 1919, the Alien Property Custodian filed this libel against $25,000, par value, of Canada Southern Railway Company bonds and other securities then in the United States Safe Deposit Company of this city, praying the court to enter an order directing the United States marshal to seize and hold the same, and citing all persons having any claim to possession thereof to appear and show cause why the marshal should not deliver them to the libelant, the Alien Property Custodian.

The usual monition issued on the same day, the marshal seized the securities July 15, and before the return day of the monition Albert H. Wiggin, Charles H. Sabin, and Walter T. Rosen appeared and claimed the securities as trustees and owners. Subsequently they filed a verified answer, denying the allegations of the libel and setting up several separate independent defenses. Judge Knox granted the government's motion for judgment on the pleadings in favor of the libelant.

[1] The first objection is that the securities were not seizable July 15 under the regulations of the War Trade Board dated July 14, amended July 20, 1919. These do not cover property which before July 14, 1919, had been reported to the Alien Property Custodian, or which he had required to be delivered to him. These securities fall within the exception.

[2] The next objection is that the libelant cannot help out the allegations of the libel which are denied in the answer by any admissions contained in the separate defenses. Although the Trading with the Enemy Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115½a–3115½j) provides no specific form of action for enforcing its provisions, section 17 (section 3115½i) does give the United States District Courts power to make and enter "all such orders and decrees and to issue such process as may be necessary and proper in the premises to enforce the provisions of this act." The government proceeded by libel in rem in accordance with the long-established practice in cases of seizure of property on land under the Revenue Acts. Such proceedings are actions at law, in which all issues of fact are triable by a jury; the judgment being reviewable by writ of error. All the same, for the determination of questions of law upon the pleadings, we think the libelant is as entitled to avail of any and all admissions in the answer as he would be in admiralty. Our practice in actions at law is by section 914, U. S. Rev. Stat. (Comp. St. § 1537), only required to conform to the state practice "as near as may be."

Treating this answer and an affidavit of the attorney for the Alien Property Custodian, which by stipulation is a part of it, as we would in admiralty, we think the judgment directing the marshal to deliver the securities in question to the Alien Property Custodian without prejudice to the claimants, or any of them, or any other person or persons, with respect to any claim or claims they may see fit to file with the Alien Property Custodian pursuant to section 9 of the Trading with the Enemy Act (section 3115½e), or any suit or suits, action or actions, proceeding or proceedings they or any of them may see fit to institute thereunder or otherwise was right. See our decisions in Garvan v. Bonds, 265 Fed. 477.

The judgment is affirmed.